26 F.(2d)—5

RUSSELL et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 27, 1928.

No. 7819.

Poisons ⬤⟿9—Evidence held to warrant conviction for selling morphine without having registered as dealers (Harrison Narcotic Act [26 USCA §§ 211, 691–707]).

In prosecution for violation of Harrison Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q), evidence *held* to warrant conviction for unlawfully selling morphine without having registered as dealers, as required by the act.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Ham Russell and another were convicted of violating Harrison Narcotic Act, and they bring error. Affirmed.

Ethelbert T. Barbour, of Oklahoma City, Okl., for plaintiffs in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (William P. Kelley and Leslie E. Salter, Asst. U. S. Attys., both of Oklahoma City, Okl., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge. The plaintiffs in error, Ham Russell and Luther Jackson, who were defendants in the court below, were convicted under an indictment charging them with the violation of the Harrison Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. § 6287g–6287q), in that, on or about the 26th day of May, 1926, in Logan county in the Western judicial district of Oklahoma, they did sell, barter, exchange, give away and deliver to Clarence Reed six grains of morphine, said defendants then and there being dealers in morphine and persons required to register under the act, and not having registered with the collector of internal revenue as required by law.

The proofs briefly stated appear to be to the effect that certain federal narcotic officers and state officers in company with witnesses Clarence Reed and Homer Smith went to the small town of Langston where the defendants then resided upon the date that the charge is laid in the indictment. On the outskirts of the town the witnesses Reed and Smith were searched by the officers and given $6 with which to make a purchase of morphine from the defendant Russell. The search of the persons of these two witnesses revealed no narcotic drugs upon or about

them at the time. Reed and Smith thereupon proceeded, according to their testimony, toward the Russell house. About a block or a block and a half from the house, Smith stopped and took up a position where he might watch Reed in his approach to the house, and continued his observation until Reed rejoined him after making the alleged purchase. According to the testimony of the witness Reed, he went to the house of the defendant Russell, found him upon the front porch, made application to purchase a quantity of morphine, and delivered to him the $6. Russell then told Reed to go across the street and wait. Within a few minutes the defendant Luther Jackson approached Reed on the opposite side of the street and dropped a package near him, which Reed picked up, and thereupon rejoined the witness Smith. This transaction was witnessed and corroborated as to its details which could be seen by Smith. The two thereupon returned to the place where they had left the officers and delivered to them the package which the defendant Jackson had dropped near Reed, which upon examination was found to contain morphine in the quantity of about six grains. Reed testified that he had previously purchased narcotic drugs from the defendant Russell.

The defendants were found guilty by the verdict of the jury, and the defendant Russell sentenced to five years and the defendant Jackson to three years in the penitentiary. They bring the cause here by petition in error.

No attack is made upon the legality or the sufficiency of the indictment, nor are the instructions of the court challenged. The assignments of error charge error in the refusal of the trial court to grant a motion in arrest of judgment, in overruling a demurrer to the evidence and in denying defendants' request for a directed verdict. It is also alleged that the verdict of the jury is not sustained by sufficient and competent evidence; that it is contrary to the evidence and the law; that there is a substantial variance between the proof and the indictment; that the court committed errors of law at the trial to which objections were made, objections overruled, and exceptions taken; and that the court erred in admitting incompetent, irrelevant, and immaterial testimony, none of which alleged erroneous rulings in regard to testimony, however, is set up in the assignment of errors. It is further asserted that the court erred in imposing sentence upon the verdict of guilty, in that such sentence is excessive.

When analyzed, these assignments of error virtually present but one point, and that is the sufficiency of the evidence to support the charge in the indictment, and in fact this is the only substantial point covered by the brief of plaintiffs in error, the cause having been submitted in this court without oral argument.

We have examined the record, and in our opinion the evidence is sufficient to sustain and justify the verdict of the jury and the judgment of the court thereon. If the jury believed the witnesses Reed and Smith, even though it be admitted that one of them was an addict, it might easily be determined that both the defendants were parties to a sale of narcotic drugs in substantially the manner charged in the indictment. The only defense presented by the defendants taking the stand in their own behalf was that they did not perform any of the acts established according to plaintiff's proofs, thereby presenting a clean-cut question of fact for the jury, which that body decided adversely to the defendants. The instructions of the court were fair, clearly presenting the issues of fact, and the sentences imposed were within the terms of the statute.

We find no error in the record, and the judgment of the trial court is affirmed.